NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WILLIAM HENRY COLEMAN, | : | **Hon. Robert B. Kugler** |
|  | : |  |
| Petitioner, | : | Civil No. 09-3509 (RBK) |
|  | : |  |
| v. | : |  |
|  | : |  |
| JEFF GRONDOLSKY, | : | **OPINION** |
|  | : |  |
| Respondent. | : |  |

APPEARANCES:

WILLIAM HENRY COLEMAN, #12348-058
F.C.I. Fort Dix
P.O. Box 2000 East
Fort Dix, New Jersey 08640
Petitioner Pro Se

KUGLER, District Judge

William Henry Coleman, a prisoner confined at the Federal
Correctional Institution at Fort Dix, filed a Petition for a Writ
of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his
federal sentence.  Having thoroughly reviewed Petitioner's
submissions, including his request to expedite this case, this
Court will summarily dismiss the Petition for lack of
jurisdiction.

## I. BACKGROUND

On February 5, 1997, United States District Judge Terrence
W. Boyle sentenced Petitioner to 210 months imprisonment as an
armed career criminal after a jury sitting in the United States

District Court for the Western District of North Carolina found h

him guilty of unlawful possession of a firearm by a convicted

felon in violation of 18 U.S.C. § 922(g).  See United States v.

Coleman, Crim. No. 96-0010 (TWB) judgment (W.D.N.C. Feb. 5,

1997).  Petitioner appealed, arguing, inter alia, that there was

insufficient evidence to convict him of a violation of 18 U.S.C.

§ 922(g).  The Fourth Circuit affirmed the judgment and sentence,

and the Supreme Court denied certiorari.  See United States v.

Coleman, 175 F. 3d 101 (4th Cir.) (table), cert. denied 528 U.S.

958 (1999).  Judge Boyle denied Petitioner's motion to vacate,

set aside or correct his sentence pursuant to 28 U.S.C. § 2255 by

order entered on July 9, 2001.  See Coleman v. United States,

Civ. No. 00-0033 (TWB) order (W.D.N.C. June 28, 2001).

Petitioner thereafter filed two § 2241 petitions in the

sentencing court.  In the first § 2241 petition, Petitioner

argued that he was actually innocent of 18 U.S.C. § 922(g)

because the government failed to show he possessed a firearm

within five years of release from supervision.  On May 22, 2002,

the District Court summarily dismissed the petition for lack of

jurisdiction because § 2255 was not an inadequate or ineffective

remedy.  See Coleman v. Gal, Civ. No. 02-1108 (DWS) order

(W.D.S.C. May 22, 2002).  The District Court dismissed the second

§ 2241 petition, which presented essentially the same claims, on

the same ground.  See Coleman v. Gal, Civ. No. 03-0077 (TLW)

2

order (W.D.S.C. May 11, 2004).  On January 21, 2005, the Fourth

Circuit denied a certificate of appealability.  And on March 15,

2005, the Fourth Circuit denied Petitioner's motion to file a

successive § 2255 motion.

On June 27, 2006, Petitioner, who was then incarcerated at

FCI Fort Dix, filed his first § 2241 petition in this Court.

Petitioner claimed that the trial court improperly amended the

indictment and the indictment was defective.  See Coleman v.

Samuels, Civ. No. 06-2913 (NLH) (D.N.J. filed June 27, 2006).

Judge Hillman summarily dismissed that petition for lack of

jurisdiction because Petitioner failed to show how a § 2255

motion was inadequate or ineffective to test the legality of his

detention.  On February 27, 2007, the United States Court of

Appeals for the Third Circuit affirmed.  See Coleman v. Samuels,

C.A. No. 06-3888 (3d Cir. Feb. 27, 2007).

Petitioner filed the § 2241 Petition presently before this

Court on July 16, 2009.  Petitioner now challenges his sentence

on the following grounds:

> Ground One: ILLEGAL INNOCENT, BECAUSE THERE
> IS NO VIOLATION UNDER THE STATUTE 18 U.S.C. §
> 924(E) ENHANCEMENT, THEREFORE, THE CRIME THAT
> [I] AM INCARCERATED OF IS A MISCAR[RIAGE] OF
> JUSTICE AND A VIOLATION OF THE FIFTH
> AMENDMENT.
>
> Ground Two: FRAUD.  WHERE AUSA WHISLER
> SUBMITTED A FRAUDULENT APPELLEE BRIEF IN THE
> DIRECT APPEAL THAT COLEMAN POSSESSED A
> FIREARM THE NIGHT OF SEPTEMBER 4, 1993 STATE
> ARREST, STEMMING FROM A DECEMBER 6, 1993

> CONVICTION, WHICH WAS CREATED BY STRATAGEM IN
> THE APPELLATE COURT, WHICH MADE THE COURT'S
> DECISION A STRUCTURAL PROBLEM.

(Pet. ¶ 17.)   Petitioner asserts that he did not previously present his claims to a federal court because he had "to obtain the state transcript to prove that [he is an] innocen[t] person [who has] been incarcerated and the use of FRAUD to obtain the enhancement under ACCA, § 18 U.S.C. § 924(e)."   (Id. ¶ 18.)

## II.  DISCUSSION

### A.   Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not
> extend to a prisoner unless- . . . He is in
> custody in violation of the Constitution or
> laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Petitioner's § 2241 petition challenging his federal sentence may not be entertained in this Court unless a motion to vacate the sentence under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255.[1]  See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

---

[1] Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus
> [pursuant to 28 U.S.C. § 2241] in behalf of a
> prisoner who is authorized to apply for
> relief by motion pursuant to this section,
> shall not be entertained if it appears that
>                                (continued...)

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002); see also Dorsainvil, 119 F. 3d at 251. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

In this case, because the sentencing court could have entertained, and in fact did entertain, Petitioner's claims, § 2255 is not inadequate or ineffective for Petitioner's challenges to his detention. See United States ex rel. Leguillou v. Davis,

---

[1](...continued)
> the applicant has failed to apply for relief,
> by motion, to the court which sentenced him,
> or that such court has denied him relief,
> unless it also appears that the remedy by
> motion is inadequate or ineffective to test
> the legality of his detention.

28 U.S.C. § 2255, ¶ 5.

212 F.2d 681, 684 (3d Cir. 1954).  This Court will therefore

dismiss the Petition for lack of jurisdiction.

### III.   CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.

_____
**ROBERT B. KUGLER, U.S.D.J.**

Dated:  _____October  13_____ , 2009