UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WILLIAM HENRY COLEMAN, | Hon. Robert B. Kugler |
| Petitioner, | Civil No. 09-3509 (RBK) |
| v. |  |
| JEFF GRONDOLSKY, | **MEMORANDUM OPINION** |
| Respondent. |  |

**APPEARANCES**:

> WILLIAM HENRY COLEMAN, #12348-058
> F.C.I. Fort Dix
> P.O. Box 2000 East
> Fort Dix, New Jersey 08640
> Petitioner Pro Se

**KUGLER**, District Judge

This matter coming before the Court by way of Petitioner's motion [docket entry no. 6] for reconsideration of the Order [docket entry no. 5] dismissing the Petition for lack of jurisdiction, and Petitioner's motion for writ of mandamus [docket entry no. 7], and it appearing that:

1. William Henry Coleman, a prisoner confined at F.C.I. Fort Dix, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging a federal sentence imposed on February 5, 1997, whereby United States District Judge Terrence W. Boyle sentenced Petitioner to 210 months imprisonment as an armed career criminal after a jury sitting in the United States District Court for the Western District of North Carolina found him guilty of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). See United States v.

Coleman, Crim. No. 96-0010 (TWB) judgment (W.D.N.C. Feb. 5, 1997).  Petitioner appealed, arguing, inter alia, that there was insufficient evidence to convict him of a violation of 18 U.S.C. § 922(g).  The Fourth Circuit affirmed the judgment and sentence, and the Supreme Court denied certiorari.  See United States v. Coleman, 175 F. 3d 101 (4th Cir.) (table), cert. denied 528 U.S. 958 (1999).  Judge Boyle denied Petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 by order entered on July 9, 2001.  See Coleman v. United States, Civ. No. 00-0033 (TWB) order (W.D.N.C. June 28, 2001).

  2.  In the § 2241 Petition, Petitioner raised the following grounds:

> Ground One: ILLEGAL INNOCENT, BECAUSE THERE IS NO VIOLATION UNDER THE STATUTE 18 U.S.C. § 924(E) ENHANCEMENT, THEREFORE, THE CRIME THAT [I] AM INCARCERATED OF IS A MISCAR[RIAGE] OF JUSTICE AND A VIOLATION OF THE FIFTH AMENDMENT.
>
> Ground Two: FRAUD.  WHERE AUSA WHISLER SUBMITTED A FRAUDULENT APPELLEE BRIEF IN THE DIRECT APPEAL THAT COLEMAN POSSESSED A FIREARM THE NIGHT OF SEPTEMBER 4, 1993 STATE ARREST, STEMMING FROM A DECEMBER 6, 1993 CONVICTION, WHICH WAS CREATED BY STRATAGEM IN THE APPELLATE COURT, WHICH MADE THE COURT'S DECISION A STRUCTURAL PROBLEM.

(Pet. ¶ 17.)

  3.  By Order and Opinion entered October 14, 2009, this Court dismissed the Petition for lack of jurisdiction under 28 U.S.C. § 2241 because the remedy pursuant to 28 U.S.C. § 2255 is not inadequate or ineffective for Petitioner's claims.  See Cradle v. U.S. ex rel. Miner, 290 F. 3d 536, 539 (3d Cir. 2002); United States ex rel. Leguillou v. Davis, 212 F. 2d 681, 684 (3d Cir. 1954).

4. On October 27, 2009, the Clerk docketed Plaintiff's motion for reconsideration dated October 23, 2009, of the Order of dismissal. Plaintiff seeks reconsideration as follows:

> Where, the Honorable Judge Robert B. Kugler of U.S.D.J. did have legal jurisdiction under 28 U.S.C. § 2241(c) to excuse their extended power. For lack of jurisdiction by the Western District of North Carolina to impose 18 U.S.C. § 924(e) enhancement . . . .
>
> Furtherance, the jurisdictional violation by the Fourth circuit Court of Appeals in affirming the (ACCA), when their deciding element was a foreclose litigation of an issue never decided by district court . . . . It is clear from the record Judge Kugler had jurisdiction to impose their legal jurisdiction to correct a non jurisdiction (ACC) enhancement by the Western District.
>
> Facts are, the records will reveal that Judge Kugler intentionally left out the lack of jurisdictional issues presented to the Court of Camden, because jurisdictional issues could be raised at any time. The lack of jurisdiction by Western district violated the Constitution, Laws or Treaties of the United States, which give the District Court of Camden New Jersey jurisdiction under 2241(c). The jurisdiction issue which Coleman present[s] under § 2241, shall be extend[ed] to Coleman because he is in custody in violation of the Constitution or Laws or Treaties of the United States . . .

[Docket entry no. 6 at pp. 1-2.]

5. A motion for reconsideration may be granted: (1) to correct manifest errors of law or fact upon which the judgment was based; (2) to present newly-discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) an intervening change in prevailing law. See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F. 3d 1194, 1218 (3d Cir. 1995); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).

6. The dismissal of the Petition for lack of jurisdiction was not based on a manifest error of law or fact, an intervening change in law or newly discovered previously unavailable evidence. This Court will deny Petitioner's motion for reconsideration.

7. The Clerk docketed a petition for mandamus as Docket Entry no. 7. Petitioner notified this Court by letter [docket entry no. 9] that the Clerk erroneously docketed the mandamus petition in this Court, since Petitioner filed the petition for mandamus in the Third Circuit Court of Appeals and he withdrew the mandamus petition on November 10, 2009.

8. An appropriate Order accompanies this Memorandum Opinion.

s/Robert B. Kugler
**ROBERT B. KUGLER, U.S.D.J.**

Dated:   May 26  , 2010